## SUMMONS

Attorney(s) Edward F. Liston, Jr., Esq.

Office Address P.O. Box 1056, 9 Grand Ave., Bldg. 1, Ste. B

Town, State, Zip Code Toms River, NJ 08754-1056

Telephone Number 732-244-5900

Attorney(s) for Plaintiff Zisel Morris

Zisel Morris

Plaintiff(s)

vs.

Max Lebowitz and Aniko Lebowitz

Defendant(s)

**Superior Court of New Jersey**

Ocean ▼ County
Law       Division
Docket No: OCN-L-3006-17

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 10/26/2017

Name of Defendant to Be Served: Aniko Lebowitz

Address of Defendant to Be Served: 105 Hewes Street, Brooklyn, NY 11249-7803

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | |
|---|---|
| ATTORNEY / PRO SE NAME: Edward F. Liston, Jr., Esq. | TELEPHONE NUMBER: (732) 244-5900 |
| FIRM NAME (If applicable): Edward F. Liston, Jr., LLC | COUNTY OF VENUE: Ocean |
| OFFICE ADDRESS: P.O. Box 1056, 9 Grand Avenue, Bldg. 1, Suite B, Toms River, NJ 08754-1056 | DOCKET NUMBER (when available): |
| | DOCUMENT TYPE: Complaint |
| NAME OF PARTY (e.g., John Doe, Plaintiff): Zisel Morris, Plaintiff | JURY DEMAND: ■ YES ☐ NO |
| CAPTION: Zisel Morris vs. Max Lebowitz and Aniko Lebowitz, his wife | |

| | | |
|---|---|---|
| CASE TYPE NUMBER (See reverse side for listing): 599 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ■ NO | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ☐ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☐ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☐ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/05/2017, CN 10517

page 1 of 2

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA
- 624  STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

OCT/27/2017/FRI 08:53 AM    Ed Liston Law Office         FAX No. 7325058948              P. 006
OCN-L-003006-17   10/26/2017 12:41:31 PM  Pg 1 of 8 Trans ID: LCV2017384738

EDWARD F. LISTON, JR., LLC
Edward F. Liston, Jr., Esq.
ID #256911969
9 Grand Avenue, Bldg. 1, Ste. B
P.O. Box 1056
Toms River, NJ 08754
(732) 244-5900
Attorneys for Plaintiff

| | |
|---|---|
| ZISEL MORRIS | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY |
| Plaintiff | DOCKET NO. |
| vs. | Civil Action |
| MAX LEBOWITZ and ANIKO LEBOWITZ, his wife | COMPLAINT |
| Defendants | |

Plaintiff, ZISEL MORRIS, whose address is 428 Clifton Avenue, #109, Lakewood, New Jersey 08701, by way of Complaint against Defendants, says:

### FIRST COUNT

1. In April 2015, Plaintiff, ZISEL MORRIS, entered into a Contract for the Sale of Real Estate as Buyer from Defendants, Max Lebowitz and Aniko Lebowitz, as Sellers. Under the terms of said contract the real property to be sold by Defendants, Max Lebowitz and Aniko Lebowitz, to Plaintiff is a single family residence located at 1416 Fernwood Avenue, Lakewood, New Jersey 08701, which premises are known and designated as

Block 31, Lot 10 on the official Tax Map of the Township of Lakewood.

2. On February 1, 2016 Plaintiff filed a Verified Complaint for Specific Performance under Docket No. OCN-C-19-16.

3. On September 30, 2016, an Order was entered by the Court granting Summary Judgment to Plaintiff and compelling specific performance of the contract to sell the subject real estate to Plaintiff, a copy of which is attached as **Exhibit "A"**.

4. The matter on damages was transferred to the Law Division under Docket No. L-2670-16.

5. A Stipulation of Dismissal Without Prejudice was filed on September 11, 2017.

6. Based upon information and belief, tenants continued to occupy the premises until on or about September 15, 2017, with Defendants' permission, which prevented a closing from taking place.

7. The parties have been preparing for closing of title but no closing date has yet been scheduled.

8. The actions of Defendants, Max Lebowitz and Aniko Lebowitz, causing the delay in the eviction of the tenants from the subject premises has caused Plaintiff, Zisel Morris, to suffer damages for loss of rental income and other damages as set forth below:

| | |
|---|---|
| Deterioration of Landscaping from July 31, 2015 through October 26, 2016: Ground has been ripped up, trees are overgrown; roof and soffits now have large holes and leaks; garage door is now broken and stuck in the open position | $ 10,000.00 |
| Loss of use of funds held in escrow for months due to Defendants failure to close on July 31, 2015 | 5,000.00 |

| | |
|---|---:|
| Lost rental income ($1,700 per month for 26 months) | 44,200.00 |
| Increase in costs of building supplies/construction costs for planning addition and refurbishment | 75,000.00 |
| Unknown damage to interior of premises due to the fact that 10+ persons have been living there for the past 26 months with no maintenance | 50,000.00 |
| Total Estimated damages | $ 184,200.00 |

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. For an Order compelling Defendants to pay to Plaintiffs the sum of $184,200.00 for damages sustained due to the delay in title closing and deterioration of premises;

B. For counsel fees and costs of suit; and

C. For such other relief as the Court may deem equitable and just.

EDWARD F. LISTON, JR., LLC

By: _____
EDWARD F. LISTON, JR., ESQ.
Attorneys for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, **EDWARD F. LISTON, JR.**, is hereby designated as trial counsel for Plaintiffs the above matter.

3

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable before jury.

EDWARD F. LISTON, JR., LLC

BY: _____
EDWARD F. LISTON, JR., ESQ.
Attorneys for Plaintiff

DATED: October 26, 2017

## CERTIFICATION

PURSUANT TO R. 4:5-1, it is hereby certified that to the best of my knowledge there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

EDWARD F. LISTON, JR., LLC

BY: _____
EDWARD F. LISTON, JR., ESQ.
Attorneys for Plaintiffs

DATED: October 26, 2017

4

# Exhibit A

EDWARD F. LISTON, JR., LLC
Edward F. Liston, Jr., Esq.
#256911969
207 Hooper Avenue
Toms River, NJ 08754
(732) 244-5900
Attorneys for Plaintiff


FILED
SEP 30 2016
CHAMBERS OF
FRANCIS R. HODGSON, JR. P.J. Ch.
SUPERIOR COURT OCEAN COUNTY

| ZISEL MORRIS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | CHANCERY DIVISION: OCEAN COUNTY |
| vs. | DOCKET NO.: OCN-C-19-16 |
| MAX LEBOWITZ and ANIKO LEBOWITZ | *Civil Action* |
| Defendants. | ORDER, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND COMPELLING SPECIFIC PERFORMANCE OF CONTRACT TO SELL REAL ESTATE |

This matter having been brought before the Court by way of summary-judgment motion by Edward F. Liston, Jr., Esquire (Edward F. Liston, Jr., LLC), counsel for the plaintiff; said motion on notice to Adam Pfeffer, Esquire, (Levin, Shea & Pfeffer, P.A.) counsel for defendants; and the Court having considered the papers submitted in support of plaintiff's motion, and any papers in opposition to same; and good cause for granting plaintiff's motion appearing;

It is on this 30th day of September, 2016, Ordered as follows:

1. Plaintiff's motion for summary judgment is granted.

2. Summary judgment is hereby entered in favor of plaintiff and against the defendants as follows. Plaintiff is entitled to specific performance of his contract to purchase from Max Lebowitz

and Aniko Lebowitz the property known as Lakewood Township Tax Map as Block 31, Lot 10 (street address: 1416 Fernwood Avenue, Lakewood, New Jersey), said purchase on the terms set forth in the parties' Contract of Sale and Addendum thereto which was appended to the complaint. The closing shall take place within ____ days from the date hereof; plaintiff may move for an order to enforce litigant's rights, R. 1:10-3, if the defendants do not close or otherwise abide by this Order.

3. Defendant shall immediately notify the current tenants of the property of the proposed closing date and shall serve upon said tenants a Notice to Quit advising them of the date upon which they must vacate the subject premises.

4. In the event the tenants fail to vacate the premises in accordance with the aforementioned Notice to Quit so that the Defendants can comply with the terms of the Contract and Addendum thereto to deliver the premises to the Plaintiff vacant, Defendants shall file an action in the Superior Court of New Jersey, Landlord-Tenant Part to evict the tenants. Defendants shall provide proof of said filing and the notice of trial date to the Plaintiffs.

5. A copy of this Order shall be served on all counsel of record within __7__ days of the date hereof.

2

6. This Court made findings of fact and conclusions of law in connection with plaintiff's motion. The findings/conclusions were set forth in an opinion which was:

___ in writing

_X_ verbally set forth on the record

6. The opinion referenced in paragraph 6 was set forth on the following date(s): September 29th, 2016.

7. Plaintiff's claim for damages as set forth in Paragraph 18 of the First Count of Plaintiff's Complaint should be transferred to the Superior Court of New Jersey, Law Division, and Ocean County for trial.

_____
Hon. Francis R. Hodgson, Jr., P.J.Ch.

Plaintiff's motion was: ___ Opposed   _X_ Unopposed

3